IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15CV63

| | |
|---|---|
| TECHNOLOGY PARTNERS, INC., ) <br> a North Carolina Corporation, and ICR DATA ) <br> CENTER, LLC, a North Carolina Limited ) <br> Liability Company, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> IOANNIS PAPAIOANNOU, ) <br> ) <br>     Defendant. ) <br> _____) | ORDER |

This matter is before the Court upon Plaintiffs' Motion to Disqualify Defendant's counsel, Mr. Ken Davies. (Doc. No. 27). Once this matter was fully briefed, Plaintiffs filed a Supplemental Memorandum in support of their motion based upon newly discovered evidence. Defendant has filed a response and this matter is ripe for decision.

**I.   Factual Background**

This case arose out of Plaintiffs' termination of the Defendant's employment after a fourteen year tenure. In addition to this lawsuit alleging claims of unauthorized computer access, theft, and deletion of data, there are three other lawsuits involving the parties or their principals: 1) The "Stock Lawsuit"-filed by Mr. Papaioannou in state court on February 6, 2015 against Technology Partners Inc. ("TPI") and its CEO, Mr. Khashman, alleging that Papaioannou was defrauded out of ownership of TPI stock. (Mr. Ken Davies represents Mr. Papaioannou in this lawsuit); 2) The "Defamation Lawsuit"- filed in state court on November 14, 2014 by Mr. Khashman against his ex-wife, Mrs. Khashman, alleging that Mrs. Khashman made a variety of

1

false and defamatory statements about Mr. Khashman; 3) The "Trespass Lawsuit"-filed on December 2, 2014 by Mr. Khashman in state court to remove Mrs. Khashman from the marital home (Mr. Davies represents Mrs. Khashman in this case).

The Plaintiffs allege that Mr. Davies, Defendant Papaioannou, and Mrs. Khashman entered into a civil conspiracy to extort money from Mr. Khashman, defame TPI and Mr. Khashman, and otherwise interfere with TPI's business operations. They allege that a private investigator named Ronnie Smith worked at the direction of Mr. Davies, Mr. Papaioannou, and Mrs. Khashman to extort money from Mr. Khashman by threatening to disseminate false and defamatory information about TPI and Mr. Khashman to business associates, TPI shareholders, and potential TPI investors. On July 7, 2015, Mr. Khashman and TPI amended their complaint in the Defamation Lawsuit to include the above allegations, and add Mr. Smith, Mr. Papaioannou, and Mr. Davies as defendants. Plaintiffs herein now seek to disqualify Mr. Davies from representing Mr. Papaioannou in this lawsuit as they allege that his representation of the Defendant is materially limited by an improper and personal interest.

Plaintiff TPI and Mr. Khasman also filed a motion to disqualify Mr. Davies in the Stock Lawsuit. Following an evidentiary hearing in the Stock Lawsuit, the state court judge denied the motion to disqualify, finding "insufficient evidence" that Mr. Davies violated the Rules of Professional Conduct.

## II.     Discussion

When considering a motion to disqualify, "[t]he guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings" and "the purpose of granting such motions is to eliminate the threat that the litigation will be tainted." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 514, 517 (M.D.N.C. 1996). The court must

balance (1) a party's right to his choice of counsel and the potential substantial hardship resulting from disqualification against (2) the importance of safeguarding the public trust in the judicial system. *Johnson v. Brock & Scott, PLLC*, 2012 WL 4483916, at *7 (E.D.N.C. Sept. 26, 2012). However, "the moving party has a very high standard of proof in moving to disqualify an opposing party's counsel. It follows that a court should not disqualify a party's chosen counsel on imagined scenarios of conflict." *Capacchione v. Charlotte-Mecklenburg Bd. Of Educ.*, 9 F.Supp.2d 572, 579 (W.D.N.C. 1998).

> Motions to disqualify counsel are not looked upon favorably. "The drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir.1992). Additionally, courts are to "remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Id.* (citing *Woods v. Covington Cnty. Bank*, 537 F .2d 804, 813 (5th Cir.1976)). In order to avoid the potential for abuse, the Fourth Circuit has held that disqualification for violations of an ethical canon "may not be rested on mere speculation that a chain of events whose occurrence theoretically could lead counsel to act counter to his clients interests might in fact occur." *Id.* at 145 (citing *Aetna Casualty & Surety Co. v. United States*, 570 F.2d 1197, 1200–02 (4th Cir.1978)). While it may be that, in a close case, doubts are to be resolved in favor of disqualification, *United States v. Clarkson*, 567 F.2d 270, 273 n. 3 (4th Cir.1977), "some stronger objective indicator ... than simple judicial intuition is needed to warrant the drastic step of disqualification of counsel." *Shaffer*, 966 F.2d at 145.

*Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, 3:10-CV-592-FDW-DSC, 2011 WL 4074421, at *3 (W.D.N.C. Sept. 13, 2011).

Plaintiffs argue that Mr. Davies' participation in a fraudulent extortion scheme with the Defendant and two others amounts to a violation of Rules 8.4, 1.7, 3.4, and 3.5 of the Rules of Professional Conduct. RPC 8.4 provides that it is professional misconduct for a lawyer to:

> (b) commit a criminal act that reflects aversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice; [or]

(e) state or imply an ability to influence improperly a government agency or official.

Plaintiffs assert that Mr. Davies engaged in professional misconduct because he and his co-conspirators have attempted to obtain hundreds of thousands of dollars from TPI and Mr. Khashman through threats of disseminating false and defamatory statements to TPI clients and business associates and threats of criminal prosecution.

Mr. Davies disputes Plaintiffs' allegations. He denies retaining Mr. Smith, directing Mr. Smith's actions, or creating a list of names for him to contact. He contends that what Plaintiffs describe as "extortion" was, in fact, a settlement negotiation. Moreover, the Amended Defamation Complaint contains no allegations of Mr. Davies threatening anyone with criminal charges.

The Court has reviewed Plaintiffs "newly discovered evidence" in their Supplemental Memorandum and it appears that out of thirty exhibits offered to support their allegations, only two contain communications from Mr. Davies. The remainder consist of communications between other parties and two draft deposition transcripts. The communications from Mr. Davies appear to relate to matters involving Mr. Davies' representation of Mrs. Khashman. The only evidence that appears to support Plaintiffs' allegations is one in which Mr. Davies, in response to an email from Mrs. Khashman, writes "Let Ronnie loose on this." (Doc. No. 42-19) However, this email is ambiguous, and when viewed within the context of the remainder of the evidence lends little support to Plaintiffs' position. The Court finds that Plaintiffs' evidence that Mr. Davies violated Rule 8.4 is insufficient to meet the high standard of proof required to establish that disqualification is warranted.

RPC 1.7 states as follows: that "a lawyer shall not represent a client if the representation…may be materially limited by…a personal interest of the lawyer." Plaintiffs

4

argue that Mr. Davies must be disqualified to safeguard the integrity of the case because his participation in, and direction of, a scheme to extort large sums of money out of TPI and Mr. Khashman creates an improper personal interest in this case.

Mr. Davies responds that the state court cases and this case all have completely unrelated factual allegations and causes of action. Mr. Davies is represented by independent counsel in the Defamation Lawsuit. It appears that there is no conflict of interest or anything which would inhibit his representation of Mr. Papaioannou.

RPC 3.4 states that, during a trial, a lawyer may not: allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, ask an irrelevant question that is intended to degrade a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused. Plaintiffs state that they "have every reason to believe" that during trial, Mr. Davies will (1) allude to matters irrelevant and not supported by admissible evidence, (2) assert personal knowledge of facts in issue, (3) ask irrelevant questions intended to degrade Mr. Khashman, (4) state his personal opinion about the justness of this case, the credibility of the witnesses, and the culpability of TPI and Mr. Khashman. The Court finds such allegations to be completely speculative and insufficient to establish a violation of this rule. Any concerns Plaintiffs may have about Mr. Davies' conduct during trial may be mitigated through objections or motions *in limine*.

RPC 3.5 requires that lawyers not "engage in conduct intended to disrupt a tribunal" including "failing to comply with known local customs of courtesy or practice of the bar…without giving opposing counsel timely notice of the intent not to comply" and "engaging

5

in undignified or discourteous conduct that is degrading to a tribunal." Plaintiffs accuse Mr. Davies of improperly scheduling a hearing and failing to appear in the Stock Litigation. They argue that "since Mr. Davies is not going to treat opposing counsel with courtesy and respect, he should be disqualified." This Court will not disqualify Mr. Davies in this case on the basis of disputed misconduct in another case. Indeed, even if such allegations are true, the Court finds them insufficient to warrant disqualification.

Plaintiffs have failed to meet their high evidentiary burden. The allegations against Mr. Davies are thin, heavily disputed, and speculative. They are not enough to meet Plaintiffs' heavy burden and overcome Mr. Papaioannou's right to choice of counsel.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Disqualify Counsel is hereby DENIED.

Signed: February 29, 2016

Graham C. Mullen
United States District Judge